(C.D. 3961)

THE HOLSON CO. *v.* UNITED STATES

## United States Customs Court, First Division

(Decided February 3, 1970)

*Serko & Sklaroff* (*David Serko, Irving A. Mandel,* and *Dennis M. Lamber* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Arthur E. Schwimmer, Thomas Fernandes,* and *Patrick D. Gill,* trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: The merchandise covered by the above consolidated protests consists of photo album leaves described in the invoice as " 'Onoffree' Sheets" sizes 12¾₁₆″ x 14¹⁵⁄₁₆″ (protest 66/59169) and 11¹⁵⁄₁₆″ x 10 ¾₁₆″ (protest 66/66576) which were classified under item 790.55, Tariff Schedules of the United States, as pressure sensitive articles, with or without protective linings and were assessed with duty at the rate of 20 per centum ad valorem.

Plaintiff contends that the merchandise is not a pressure sensitive article within the intendment of item 790.55 and that the album leaves are properly classifiable under item 774.60 of the TSUS as articles not specially provided for of rubber or plastics, other, at the rate of 17 per centum ad valorem.

The pertinent statutory material reads as follows:

Classified:

Schedule 7, Part 13, Subpart A, Tariff Schedules of the United States:

Subpart A headnotes:

\*    \*    \*    \*    \*    \*    \*

2. The term "pressure sensitive," as used in items 790.50 and 790.55, refers to articles which have an adhesive coating on one or both surfaces that will adhere to other surfaces upon the application of pressure only.

790.55    Sheets, strips, tapes, stencils, monograms, and other flat shapes or forms, all the foregoing articles (except articles provided for in item 790.50) which are pressure sensitive, with or without protective liners, and whether or not in rolls_____ 20% ad val.

Claimed:

Schedule 7, Part 12, Subpart D:

Articles not specially provided for, of rubber or plastics:

* * * * * * *

774.60   Other_____ 17% ad val.

The parties have stipulated that the merchandise at bar is in chief value of plastic.

The record in this case consists of the testimony of two witnesses called by the plaintiff and twelve exhibits received into evidence.

Mr. Melvin Holson, vice-president of plaintiff company, a manufacturer of photo albums, was called as plaintiff's first witness. Mr. Holson, an industrial engineer with over twenty years experience in the field, testified as to how the photo album leaves were constructed and used.

The leaf consists of three things, a piece of paper or chipboard, a piece of clear plastic, and the adhesive. The adhesive is applied to both sides of the chipboard. The plastic sheet is then placed on top of the chipboard and the board is then folded in half so that the two pieces adhere to each other. The result (exhibit 1) is a single piece, double the original thickness with the plastic sheet on both sides.

After importation, plaintiff company adds an adhesive tape hinge to the leaf so that it can be placed in a finished album, or has holes drilled in it to be used in a loose-leaf type of photo album.

To use the album leaf, the plastic sheet is peeled back from the chipboard and a photo or photos are placed in their desired position on the page. The plastic is then allowed to fall back on the page so that adhesion exists between the plastic and the board. The picture is thus held in place by the plastic. The picture will not adhere to the page without the plastic as there is no adhesion between the photo and the page.

The witness stated that he agreed with the definition of the term "pressure sensitive" as it is found in the headnote to item 790.55, *supra*.

Plaintiff's second witness was Mr. Robert Glickenhaus, vice-president of Union Card and Paper Company, dealers in pressure sensitive adhesive articles. Mr. Glickenhaus identified as collective exhibit 11, a group of articles consisting of different types of paper and foil, all with pressure sensitive adhesives and backing papers.

The witness stated that he was in accord with the definition of the term "pressure sensitive" as found in headnote 2, *supra*, and stated that in his opinion, as known in the trade, the merchandise at bar does not conform to that definition.

He explained that when you take a piece of pressure sensitive paper from exhibit 11, remove its backing paper and place it on another object, it adheres. But when you take the album page and place it on anything, as an album page it does not stick to anything. There is no exposed adhesive surface. The plastic sheet is not a backing paper and is not supposed to be removed.

The issue before this court is whether the merchandise at bar, certain photo album leaves, is a pressure sensitive article within the intendment of item 790.55, *supra*.

As defined in headnote 2, *supra*, the term "pressure sensitive" as used to describe articles which are encompassed by item 790.55, refers to articles which have a surface with an adhesive coating and will adhere to another surface.

It seems clear from the record and more so from an examination of the merchandise itself, that these photo album leaves are not pressure sensitive articles within the intendment of item 790.55.

While it is true that a pressure sensitive adhesive is used in the manufacture and ultimate use of this article, it does not therefore automatically come to pass that this is a pressure sensitive article. The statute does not say that all goods which have as part of its makeup a pressure sensitive adhesive are included under item 790.55 nor will such an inference be read into it.

Where the wording of a tariff statute is clear and unambiguous the statute must be construed without regard to the legislative history of the enactment. *Brier Mfg. Co.* v. *United States*, 26 CCPA 195, C.A.D. 17 (1938).

The article before this court, the photo album leaf, does not have either of its two surfaces coated with a pressure sensitive adhesive. The surfaces are covered with the clear plastic sheet which form an integral part of the article itself. The adhesive serves to form a bond between the plastic and the chipboard and is not used to allow the leaf to adhere to another surface or for another article to adhere to the chipboard.

It is inherent in the terminology of headnote 2, *supra*, that for an article to be "pressure sensitive" it must adhere to objects other than itself.

This article clearly does not and cannot adhere to other articles. As was stated in *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995 (1932), "a sample of merchandise in issue, in a case of this character, is a very potent witness." From its appearance and use, the merchandise at bar is not the type of pressure sensitive article which was intended to be included in the provisions of item 790.55, *supra*.

This court holds, therefore, that the photo album leaves being in chief value of plastic are properly classifiable under item 774.60 as articles of plastic, as claimed by the plaintiff.

The protests are sustained. Judgment will be entered accordingly.